**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION**

**TRACY MEADOWS**                                          **PETITIONER**

**v.**                          **NO. 2:22-cv-00181-BSM-PSH**

**JOHN P. YATES**                                          **RESPONDENT**

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following proposed Recommendation has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

In this case, filed pursuant to 28 U.S.C. 2241, petitioner Tracy Meadows ("Meadows") maintains that the Bureau of Prisons ("BOP") has failed to award him the First Step Act earned time credits ("FSA credits") he is due. It is recommended that this case be dismissed without prejudice because he failed to exhaust his administrative remedies before filing this case.

In April of 2008, Meadows was convicted of distribution of child pornography. See United States v. Meadows, 4:07-cr-00032-01-WRW. He was sentenced to a term of imprisonment and supervised release. Respondent John P. Yates ("Yates") represents, and the undersigned accepts, that Meadows' projected release date is July 15, 2023.

Meadows began this case in September of 2022 by filing a petition pursuant to 28 U.S.C. 2241. In the petition, he maintained that the BOP has failed to award him the FSA credits he has earned as a result of his participation in BOP programming.[1] He asked that the BOP be ordered to award him the FSA credits he is due.

---

[1]     Specifically, Meadows represented, in part, that he has accumulated 3,043 FSA credits and his sentence should therefore be reduced by 1,521 days. He maintained that "[w]ith only 288 days left until his mandatory release date, wouldn't [he] be eligible for immediate release?" See Docket Entry 1 at CM/ECF 2.

Meadows also admitted that he did not exhaust his administrative remedies before filing this case. He maintained that his failure to do so should be excused because requiring him to exhaust would be futile and "defeat the ends of justice." See Docket Entry 1 at CM/ECF 8.

Yates filed a response to the petition and asked that it be dismissed. Yates so maintained, in part, because Meadows failed to demonstrate that "pursuing his administrative remedies would be a futile endeavor" and failed to explain why "application of the exhaustion requirement would defeat the ends of justice." See Docket Entry 8 at CM/ECF 3.

Meadows filed a reply to Yates' response. In the reply, Meadows maintained that his failure to exhaust his administrative remedies should be excused because he is near the conclusion of his sentence. He represented that he was eligible for placement in a halfway house on July 15, 2022, but was denied, and he was eligible for placement in home confinement on January 15, 2023, which has also been denied.

The exhaustion requirement focuses on the procedure the petitioner used before arriving in federal court. See State of Missouri v. Bowen, 813 F.2d 864 (8th Cir. 1987). Before a federal court may consider his challenge to his sentence, he must have completely exhausted his administrative remedies. See United States v. Chappel, 208 F.3d 1069 (8th Cir. 2000).

United States District Judge James M. Moody, Jr., had an occasion to consider the exhaustion requirement in Chapman v. United States Justice Department, No. 2:19-cv-00036-JM-JTR, 2019 WL 2030550 (E.D. Ark. April 19, 2019), report and recommendation adopted, No. 2:19-cv-00036-JM, 2019 WL 2030114 (E.D. Ark. May 8, 2019). In that case, Chapman filed a petition pursuant to 28 U.S.C. 2241 and maintained that he was entitled to "more good time credits on his federal sentence based on the First Step Act …" See Id., 2019 WL 2030550, 1. Judge Moody adopted the report and recommendation of United States Magistrate Judge J. Thomas Ray and dismissed the petition, in part, because Chapman failed to exhaust his administrative remedies before filing his petition. With respect to exhaustion requirement, Judge Moody observed the following:

> Under the federal statute authorizing good time credit, 18 U.S.C. 3624, the BOP, not the district court, determines whether a prisoner should receive good time credit. See Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992) ("Courts have original jurisdiction over imposition of a sentence. The Bureau of Prisons is, however, responsible for computing that sentence and applying appropriate good time credit."). If a prisoner believes that the BOP erred in computing his sentence, his initial remedy is to pursue administrative review of the BOP's computation. See United States v. Wilson, 503 U.S. 329, 331-35, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992) (citing 28 C.F.R. 542.19-542.16). For that purpose, the BOP provides prisoners with access to an administrative review program. [Footnote omitted].

> "A prisoner may bring a habeas action challenging the
> BOP's execution of his sentence only if he first presents his
> claim to the BOP." <u>Mathena v. United States</u>, 577 F.3d 943 (8th
> Cir. 2009) (citing <u>United States v. Chappel</u>, 208 F.3d 1069, 1069
> (8th Cir. 2000) (per curiam)). Administrative exhaustion
> "means using all steps that the agency holds out, and doing so
> properly (so that the agency addresses the issues on the
> merits)." <u>Woodford v. Ngo</u>, 548 U.S. 81, 90 (2006) (internal
> citations omitted). [Footnote omitted].

<u>See</u> <u>Id</u>., 2019 WL 2030550, 2–3.

Here, Meadows acknowledges that he did not exhaust his administrative remedies before filing this case. The only question is whether requiring him to do so at this juncture would be futile and defeat the ends of justice.

The exhaustion requirement may be excused if the petitioner can show that requiring him to exhaust his administrative remedies would be futile. <u>See</u> <u>Lueth v. Beach</u>, 498 F.3d 795 (8th Cir. 2007).[2] For instance, in <u>Tensley v. Outlaw</u>, No. 2:10-cv-00014-BD, 2010 WL 2671782 (E.D. Ark. July 2, 2010), United States Magistrate Judge Beth Deere excused a petitioner's failure to exhaust because he was near the conclusion of his sentence and lacked sufficient time to exhaust his remedies.

---

[2]     In <u>Lueth v. Beach</u>, the Court of Appeals observed that jurisdiction to decide a petitioner's challenge to his sentence was not affected by his failure to exhaust because the exhaustion requirement was "judicially created, not jurisdictional. <u>See</u> <u>Id</u>., 498 F.3d at 797, n.3.

Here, Meadows has failed to show that requiring him to exhaust his administrative remedies would be futile and defeat the ends of justice. Specifically, as Yates correctly notes, Meadows has failed to demonstrate that pursuing his remedies would be a futile endeavor and has failed to explain why application of the exhaustion requirement would defeat the ends of justice.

Meadows makes much of the fact that he is approaching the conclusion of his sentence and lacks sufficient time to exhaust his administrative remedies. The undersigned is not persuaded by his contention. Although he is indeed approaching the conclusion of his sentence, this case is not like Pillow v. BOP, No. 4:22-cv-00713-PSH, 2022 WL 13892877 (E.D. Ark. Oct. 21, 2022). In that case, Pillow had been released from a residential reentry center, he was on home confinement, and his projected release date was less than four weeks away. Here, Meadows' projected release date is more than six months away.

Given Meadows' failure to show that requiring him to exhaust his administrative remedies would be futile and defeat the ends of justice, this case should be dismissed. It is recommended that this case be dismissed without prejudice, all requested relief be denied, and judgment be entered for Yates.

DATED this 4th day of January, 2023.

_____
UNITED STATES MAGISTRATE JUDGE